Good morning, Mr. Court. I'm Henry Cruz for the petitioner, Mr. Quintero. Mr. Quintero, a lawful permanent resident since the young age of just two months old. Could I ask you to speak a little louder, Counsel? Sure, Your Honor. Mr. Quintero, a lawful permanent resident since the young age of two months, has appealed the denial of his application for cancellation of removal. The Board of Immigration Appeals found that his assault of a child in a third-degree offense, which had a sexual motivation enhancement finding, was a sexual abuse of a minor offense and, therefore, an aggravated felony that barred him from relief. Mr. Quintero has raised two issues before this Court. The first issue is whether that sexual motivation enhancement factor is, in fact, an element of the offense of conviction. And the second issue, if it is, whether— or anything that increases the maximum potential sentence or increases the sentence must be proven beyond a reasonable doubt and either decided by the fact finder, the jury, the judge, or admitted by the defendant. Your Honor, there are two responses to that. The first was the response in the briefs about how Apprendi dealt with a case that actually raised the sentence beyond the statutory maximum. And Martina Zapata, which the BIA relies on in this case, cited to Apprendi. And that issue in Martina Zapata dealt with a sentence enhancement that actually raised the offense classification from a Class B misdemeanor to a Class A misdemeanor. So under those circumstances, and I should also point out the Supreme Court's decision in Mathis, which was cited in my 28-J letter, that ultimately we're dealing with how State law defines the elements of the offense. And one of the Mathis instructions was that if the — if a fact serves to increase the offense classification, such as it was in Martina Zapata, then that is considered an element. However, in this case, we have a sentence enhancement factor that did not raise the offense classification, nor did it actually raise it beyond the statutory maximum. It did change the guideline range, did it not? Correct. I mean, Washington has — Washington's sentencing guideline structure is different than the Federal sentencing guidelines. And as I understand Washington State's sentencing procedures, the Superior Court judge could have imposed a sentence of anywhere in the range of 1 to 3 months. But with the sexual enhancement, it changed the range up to — what was it? 10 to 13 months? 13 to 15 months. Yeah. It was a one-year. Yeah. So why doesn't that fit within the framework of Apprendi, where the Supreme Court was very concerned about sentencing people to prison without the facts triggering longer prison sentences being determined by proof beyond a reasonable doubt and a jury? The other case I will point out — yes, the other case we're pointing out — Unlike my colleague, I'm not quite so sure Apprendi applies here. So my question to you is, what law do we follow? Is it Downey and the Third Circuit — Downey, which is our case, and the Third Circuit, which is the same? Or do we follow Hernandez-Gonzalez? What you saw our order asking you to comment. Yes, Your Honor. Quickly, for those cases, Hernandez-Gonzalez was actually — the issue of whether that sentence enhancement — it was, I think, I believe it was a gang enhancement — was not — whether it was an element was not an issue before that panel. It was not decided on. It was not even raised. The Court merely assumed that it was an element and proceeded to the categorical approach analysis on whether it was a crime of foreign moral turpitude. The issue was not raised. So I don't think that case at all controls the issue before this panel. So then you rely on Downey and — which is, of course, the same principle as that Third Circuit case. Correct, Your Honor. And Downey, I believe, specifically points out the underlying issue here, that we're looking at the term convicted, because ultimately the ground of ineligibility here uses the phrase if the individual has been convicted of an aggravated felony. So Downey pointed out that when we're talking about conviction, we look at the guilt determination phase of the offense. And a conviction or language convicted does not include sentence enhancement factors. Sears — Then how do you get around Blakely? Well, so Sears is a Washington State Supreme Court case that I also put in my 28-J letter. And that, I believe, clarifies how you get around Blakely and Apprendi. It distinguished Apprendi and Blakely. The issue in that case was whether a sentence enhancement factor had to be charged in the charging document, and ultimately whether it's actually considered an element of the offense, because elements are the only — But counsel — Yes. I just think Sears — not Spears. Sears is dealing with a different aspect of the Washington Guidelines regime, not the one we're dealing with, right? Well, Your Honor, they dealt with the aggravating factor statute. That statute — No, no. I guess — let me just draw the distinction. It's dealing with a situation where you've already determined the standard range and you're deciding whether you want to give an exceptional sentence outside that range. Correct. Our case, by contrast, involves a determination of what that standard range is. And I tend to agree with my colleague, Judge Tallman, that this is just like Blakely. If you didn't have — if we didn't have Blakely, I think you would have something to work with. But I think Blakely is directly on point because it's dealing — in that case, the Court actually treated the firearms enhancement, which is the equivalent of the sexual motivation enhancement here, as an element of the offense. It wasn't even — that wasn't even debated. Well, Your Honor, I guess I would point out that although Sears dealt with a different sentence statute, that specific statute cites to the sentence statute that my client was sentenced under, 9.948.835. Right. But it's dealing with that — the sexual motivation finding can be used for two different purposes. One, to trigger this mandatory increase in the standard range, and two, to go outside the range if — you know, once you've calculated it. And I don't see any basis for our saying now, especially post-Blakely, that when you're talking about a mandatory increase in the standard range, that that — it would be treated as anything other than an element of the offense. I'm open to hearing what you have to say, but I'd love to hear how you would distinguish Blakely in light of that. Well, I guess my argument, Your Honor, is that, again, I mean, I understand that the sexual motivation can be applied in two different sentencing stages, but the sexual motivation in my client's case was still a sentencing stage enhancement. And the principles that Downey apply, and then just the Sears court in general, that these sentence enhancements, whether it's under the aggravated factors statute or the adjustment to the standard range, which is what my client had, is still not treated as an element under state law. But why is this any different? I don't know if this analogy works very well, but I'll try it. Why is this any different from simple assault and assault with a deadly weapon? And the enhancement, if you will, which is an element of assault with a deadly weapon, that renders the defendant subject to a much longer prison sentence is the deadly weapon. And here, what rendered Mr. Cisneros liable to a much longer sentence was his admission that he committed the assault on the child with sexual motivation. Well, Your Honor, I'd like to move on to the other point. I can answer to my question before you move on. Well, yes, Your Honor. I guess I'm trying to, I was going to answer it through the other point, but... Well, answer it any way you want, but just answer the question. I would also point out that the sexual motivation enhancement under state law is simply not treated as any sort of criminal element or even a criminal offense. The Supreme Court, Washington Supreme Court in Halstein... But counsel, if the defendant is looking at 1 to 3 months without the enhancement and 13 to 15 with, I don't see how that is any different from simple assault versus assault with a deadly weapon. Well, Your Honor, in your example, assault with a deadly weapon is the actual statute of conviction. You're telling, you're talking about an offense that requires, under the statute of conviction, assaulting someone with a deadly weapon. The legislature specifically stated that those are elements of the offense. But here, the sentence enhancement... The assault, the standard sentencing range for this assault is 1 to 3 months. But if it's committed with sexual motivation, it bumps it up five times. But I think that's the key, is for sentencing purposes. But we're not dealing with sentencing purpose. We're dealing with what the individual is actually convicted of. And so what are the basic essential elements of the offense? The sexual motivation statute is a completely different statute. The Washington Supreme Court doesn't even consider it an offense. They take that from the actual conduct in committing the offense. It's related to the actual conduct, but in the categorical approach. But you would agree that the Superior Court judge can't impose a sentence longer than 3 months without the enhancement? Correct. Yes, Your Honor. Yes. Oh, go ahead. No, absolutely. If you could indulge me. Sure, of course. Two other questions for you. What's your position on whether we're required to give Chevron deference to the BIA's decision in Martina Zapata? Well, Your Honor, Martina Zapata, I think that this case is distinguishable from Martina Zapata based on the facts. Yeah, don't even go there yet. Okay. I want to hear that. Okay. But we have to give it Chevron deference? No, Your Honor. Because it's interpreting the term convicted, as you pointed out earlier? Well, Your Honor, I think the problem with Martina Zapata was that it didn't look to the state law in determining whether the state considered the elements of the offense. And Mathis instructs us that in order to determine what the elements of the offense are, you look to state law, you look to see what needs to be charged in the charging document, whether it raises a whole different offense level classification. So I don't think Martina Zapata was reasonably decided under those circumstances. Okay. Yeah, but it's interpreting the term convicted. I suppose that term is open to a number of different constructions, right? And what the BIA has, the position they've taken is that, you're right, we are not going to be bound by the way the state defines what's an element and what's a sentencing factor. What we're going to do is figure out whether under Apprendi, Blakely, and that line of cases, if this particular fact has to be proved to a jury beyond a reasonable doubt for purposes of the Apprendi principle, then we're going to treat that thing as an element, regardless of the label the state gives it. And so that's why I'm asking, do you think that we are required to give Chevron deference to that interpretation of the word convicted? No, Your Honor. Okay. Why not? Ultimately, because it is a criminal issue. The BIA has no expertise at all on criminal issues, particularly criminal issues that arise from state law, and therefore the deference principles specifically state that where the agency does not have that sort of expertise, that Chevron deference is not required. Okay. One other question. I'm sorry. No, no. So why wouldn't we look at this mandatory 12-month addition to the standard range, or whatever it's called, as, in effect, the equivalent of a mandatory minimum? Because as I read Washington law on this point, there is no way the judge can get out of giving your client, in this instance, at least that 12 months, right? That is just done. Once that finding is made, you're going to get 12 months no matter what, right? That's correct. So, in effect, it's a mandatory minimum. Would you agree with that? Yes, Your Honor, because there is the range, and it raises the minimum of that range by 12 months. Okay. Then how do you get around a lien? Around what? The Supreme Court's decision in a lien, because a lien held that any fact that has the effect of imposing a mandatory minimum is to be treated as an element of defense, and it must, just like under the whole Apprendi line, it must be charged and proved to the jury beyond a reasonable doubt. And why wouldn't that principle govern this particular enhancement here? Your Honor, I'm sorry. I'm not familiar with a lien, but I do recall coming across a Supreme Court case that dealt with mandatory minimums. And in that case, the Supreme Court actually held that Apprendi did not apply and that it did not need to be proven beyond a reasonable doubt. No, no, no. I'm not familiar with that. A lien overruled Harris, which is the case that you might have been thinking of.  The Supreme Court originally said what you just said, but then it overruled that case in a lien. And what a lien said is that if a fact triggers a mandatory minimum, that fact is to be treated as an element of defense. It's the functional equivalent of an element of defense. And just like everything else under Apprendi, it has to be charged and proved to the jury beyond a reasonable doubt. And I see this particular enhancement that your client dealt with here as basically exactly the same thing. And I'm asking, is there some way that it's not the equivalent of a mandatory minimum? I guess I would just go back, Your Honor, to the distinction made in Sears. And I understand that it's different sentencing statutes. But Apprendi and its progeny dealt with the right to a jury trial, which essentially deals with what, you know, what facts need to be proven and how they need to be proven. But Sears dealt with the essential elements component, which is what the categorical approach is more about. What under State law are the essential elements of the offense that must be charged in the charging document? And my position is that even the sentence adjustment that my client had, State law does not require it to be charged in the charging document. The Washington State Supreme Court has stated that if it doesn't have to be charged in the charging document, it is not an element of the offense. Supreme Court in Mathis also stated that, as an instruction, something that must be charged in the charging document is an element of the offense. But the problem that you face, coming back to Apprendi, is that in that case, the New Jersey statute increased the penalty for firing into an occupied dwelling with a racial motivation. And here, the abuse is committed with a sexual motivation. To me, this is an Apprendi case. Your Honor, again, to distinguish Apprendi, I would just say again that it falls more in the line of being an element because it served to increase it beyond the statutory maximum, essentially making it a higher offense classification. But the effect was the same. The New Jersey Superior Court judge could not impose the higher sentence without the determinative fact of the defendant's intent. And that is what had to be treated as if it were an element charged in the indictment and proven beyond reasonable doubt to a jury. Yes. Okay. I've let you go way over. Let's hear from the government. I'll give you a couple of minutes on rebuttal. Thank you. May it please the Court. I'm Scott Stewart on behalf of the Attorney General. I'd like to begin, Your Honors, quickly addressing the issue of Blakely. And then I'd like to respond to some of the questions Judge O'Scanlan was asking about the Court's order with respect to the three decisions, two by this Court and one by the Third Circuit. Why does Blakely even – is it even relevant in this situation? The issue is whether or not this person has been convicted of a crime. So you need to know what is the crime, not what is the sentence. That's my problem. Right, Your Honor. It seems to me that we are translating the word conviction into conviction as enhanced by a sentence enhancement. And it seems to me you're either going to be held to an aggravated felony because of the sentence or because of the conviction, in which case, as I look at it, it should be the conviction. Tell me where I'm wrong. Sure, Your Honor. I think the critical point here is that when applying Taylor's categorical analysis and finding out what the generic federal offense is, courts make sure to define the federal offense in a way that is consistent with the Sixth Amendment right to a jury trial and the due process requirement that the fact finder find each element of the offense beyond a reasonable doubt. So what the Apprendi line of cases is getting at is the point that, under federal law, to be consistent with the Constitution, an element is something that, if not admitted by the defendant, must be proved to the fact finder beyond a reasonable doubt. And so an element or, you know, whatever it's called under state law, a sentencing factor or otherwise that must be found by the jury beyond a reasonable doubt and that increases, aggravates in some way the sentence is an element. It's still the crime, the crime as defined by the state, is it not? The state, it's not so much a question of what the state gives as far as labels, Your Honor. I think in Apprendi what the court emphasized was when we're talking about what a crime is, it's about the effect, the effect of an element. So a sentencing enhancement in some circumstances will be an element, and in some circumstances it won't. It really gets at, you know, whether it's something that must be found beyond a reasonable doubt. If that's the case, then what do we do with Downey? It seems to me that the government is relying on post-Downey cases, and I'm not there yet. Sure, Your Honor. I think, and I can sort of, I think the uniting principle behind really all of the three cases that the Court cites in its order, Downey included, is that whatever a sentencing factor is called, it's the critical question is whether the fact at issue is part of the statute or statutes of conviction, meaning it's something that the fact finder had to find beyond a reasonable doubt or the defendant needed to admit. And in Downey, what the problem there was, or the issue there was, the Court, the defendant there admitted to, I believe it was drug possession. And then after, you know, after he pleaded to that, a judge aggravated his sentence by the judge himself or herself finding a firearm enhancement. And the Court said, look, you know, that sentencing enhancement was not part of the crime of conviction. It's not something he pleaded to. It's not something found beyond a reasonable doubt. So the issue there was just it was not part of the statute of conviction. It was something later found by the judge. A similar kind of principle underlies the Third Circuit's decision in Chavez-Alvarez where what the Court was emphasizing there was an element or a finding of force was not part of the statute as it was presented in that case. It was in a sentencing manual that was, you know, later applied to the individual sentence there. And I think to sort of tie the point up, Hernandez-Gonzalez, this Court's decision there sort of hits the point home and just brings across that a sentence enhancement, you know, however called under, you know, the relevant law, is a functional element, an element for purposes of the categorical approach when it's something that aggravates a sentence and must be proved beyond a reasonable doubt. I'm sorry. Well, what's changed since Downey? There has been the intervening line of cases in Apprendi and the like, Your Honor. But I think Downey's consistent with those in the point that a sentencing factor So what your argument is that Apprendi and Blakely, perhaps, if we can use the term in current society, trumped the Downey case? Is that the Downey analysis? I don't know that Downey is not still viable on the whole, Your Honor. I think Downey is really consistent with those in the sense that it says, you know, look, something that's an element of the offense is something that needs to be admitted or found by a jury, and you shouldn't, you know, a sentencing factor not found by or in one of those means is not an element. There may be some questions as to whether, you know, the way the defendant in Downey had been sentenced in sort of a previous proceeding was consistent with law. It was, you know, the court was trying to find out what the meaning of that previous proceeding was. There could be some questions as to whether, you know, the way he was, you know, convicted or sentenced there, whether that would be consistent with Apprendi. But I think Downey's, you know, recognition that under Taylor you look to the elements of the statute of conviction, that point is, you know, viable and, you know, is consistent with the government's approach here. One last question. Yes, Your Honor. There is a passage in a Supreme Court case called Caracciurri-Rosendo in which Justice Scalia concurs and says, for the purposes of cancellation or removal, a defendant is not convicted of sentencing factors, but only of the elements of the crime charge and the indictment. Right, Your Honor. I'm not positive of the factual circumstance there. I can't bring it to mind. But what I think the point there is it sort of hits home the point of whether something is sort of a sentencing factor and aggravated. Basically, I think the issue is whether something is an element if it authorizes a sentence beyond what the jury would have found. There are still certain sentencing factors, however, that a judge can take into account within this prescribed jury range. Like, say, the jury authorized a sentence of 12 to 18 months. The judge, and I think, you know, Martina Zapata and other cases are consistent, you know, the judge can, you know, sentence within that range based on different considerations. The key is, and I think Blakely and other cases point this out, is that there is an apprendi and a Blakely problem when the judge, you know, goes beyond what the jury's verdict otherwise authorizes. And to sort of tie that point together, I believe, you know, my friend on the other side has, you know, acknowledged that it was, you know, the sentencing enhancement admission here was needed to increase the sentencing range from 1 to 3 months and, you know, to 13 to 15 months. He's acknowledged that the relevant sentencing enhancement needed to be proved beyond a reasonable doubt. I just point the Court to a key passage in Blakely. This is at 542 U.S. at page 303, where the Court says that its precedents, quote, make clear, however, that the statutory maximum for apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. So it's not a – and this sort of leads to, I think, Judge Watford's point that what Blakely teaches is that even if the sentence ultimately imposed is within the prescribed maximum, the key question is when you move from one lower range to a higher range, you know, that needs – that move needs to be authorized by a jury finding. But what's your position on the question I posed to your opponent about Chevron deference? Your Honor, we haven't – we haven't asked for Chevron deference here. And I don't have a position on that with respect to this particular case, but would like to leave the matter open. So why – I mean, we are interpreting the word convicted, right? Yes. And normally, I think as maybe Judge O'Scanlan alluded to, we would think that this – that really is the domain of the State to define what are the elements of its offenses and what aren't, right? So let's say that in this case, the Sears case that your opponent cited in the 28-J letter, let's say that that case actually did deal with the sexual motivation finding as increasing the standard range, right? So it was just directly on point. And what the State Supreme Court said is we don't care what Apprendi and Blakely require in terms of these jury findings. We're here to tell you – or let's just say the legislature made it clear that this sexual motivation finding is never, ever an element of any offense in our State. It is always merely a sentencing enhancement. Now, it may turn out, given the effect that it has on the increase in the standard range, maybe because it's a mandatory minimum, that it triggers certain requirements in terms of jury finding beyond a reasonable doubt. But we don't care about that. We are labeling it as a sentencing factor, and that's all it is. It is never an element of one of our offenses. In that scenario, can we really say, as a matter of federal immigration law, that someone has been convicted of an offense that the State has told us this thing is not an element of? Because that's what's going on here, it seems to me. Sure, I see that my time's up. May I? No, no, go right ahead. We let your opponent go over. Very good. You know, I think, Your Honor, I think this goes back to the point of really it's not sort of what the label is given in this context. The key question is, what is the effect? Is an aggravating factor what it needs to be? Yeah, but why? Why does that tie that back to Congress's use of the word convicted in the INA? I mean, I think here, you know, for purposes, and I believe this Court's suggested this in some of these contexts, is a conviction occurs for these purposes, at least when judgment is entered after a finding, you know, the relevant finding beyond a reasonable doubt, you know, of something contained in State law. I think that's enough here, Your Honor. No, no, no, I don't even know what you're saying, actually. I'm talking about the State has made clear that our offense of conviction has elements A, B, and C. The sexual motivation finding is something, it's D, it's something outside. And the State has said our offense, when this guy got convicted, the only three elements are these. And what I read the BIA as saying is that we don't really care how the State defines its offenses. If we look at a sentencing factor and determine that under Apprendi and Blakely, it must be proved to a jury beyond a reasonable doubt, we're going to treat it as an element of the offense of conviction. And that's what Martina Zapata says. I guess maybe you could interpret the word convicted as requiring that. That doesn't seem obvious to me, and that's why I guess I was curious about your position on Chevron deference, because I don't know if you're going to just say we're to make that determination in the first instance ourselves. I'm not sure that's the right answer. But I can see that's what the BIA has said. I'd say this, Your Honor, that in this case, I don't think it's been sufficiently conceded that there was a conviction of the relevant element here. And I don't know that a State's kind of description of it matters in this context for purposes of Wait a minute, I'm not sure that's an accurate statement. Conceded that there's a conviction of the relevant elements? I think you might want to revise that. I didn't hear Mr. Cruz say that. Oh, I'm sorry, Your Honor. Let me rephrase slightly. I think as relevant here, there's no dispute that there was If you substitute the word factors for elements, then maybe I would agree. Oh, sure. There's a significant difference. The term element is significant. It's a legal term of art. Correct, Your Honor. I think I was more focusing on the relevant State-identified conduct component, the sort of purpose of a sexual motivation. I didn't mean to go too much farther than that. Isn't the distinction that the Supreme Court or that the case law tells us that we treat as if they were elements these factors that must be proven beyond a reasonable doubt in order to increase the sentence that the court may impose? I think that's the right statement, Your Honor. I think that's right. And what's the case that holds that treating factors as elements? Treating factors as elements? I mean, I think it's any of a number in the Apprendi line, Your Honor. I think Blakely is a good example. I think there's language to that effect in either Blakely or Apprendi. I can't remember. Yes, and that's true. But the problem, I guess I'm just puzzled as to why you don't push Chevron deference here. The problem is that we treat them as elements for purposes of the Sixth Amendment. But what we're trying to figure out here is what did Congress mean when it used the word convicted? And it seems to me those are not necessarily one and the same thing. Right, Your Honor. I think the most I can say is what I've tried to say so far is that a conviction, I think, for categorical purposes is something we look at to make it consistent with the Sixth Amendment. And that way I think anything that fits within Judge Tallman's rule, a fact that must be admitted or proved beyond a reasonable doubt that aggravates the sentence, is an element that is part of the aggravated crime of which the defendant is convicted. Or treated as if it were an element. Or treated as if it were an element. Right, Your Honor. I acknowledge the back and forth on the terminology. I've let you go way over, so unless you have one last point that you want to make, it's time to sit down. I'm happy to rest on the briefs. All right. Thank you, Your Honor. Thank you very much. Mr. Cruz, I'll give you a couple minutes on rebuttal. Thank you. Just a couple points. Going back to Judge Watford's question is when we're talking about a conviction, what the person was actually convicted of. Here, if Martina Zabata is followed, it is completely incompatible with Sears. If, assuming my client's case would fall under Sears, under Martina Zabata, the BIA would still hold that those in sentence aggravating factors are elements. But the Washington State Supreme Court has stated that they're not. State law must matter here when we're talking about what a person has actually been convicted of. Otherwise, we have federal agencies creating these hybrid offenses, new offenses that the legislature, the state legislatures, never considered as an offense. You cannot state that a person has been convicted of an offense. But you're adhering to the concept of elements. And it seems to me that the case law for sentencing purposes is not quite that narrow or restricted. And that's where I'm gleaning this principle that for sentencing purposes, we treat certain factors as if they were elements if the application of those factors, proven beyond a reasonable doubt, increases the maximum sentence. And that explains why in Apprendi they had to show proof of racial motive and here why you have to show sexual motivation in order to enhance the punishment for abuse of a child. Correct, Your Honor. But my point is that we have a state Supreme Court case that essentially conflicts with Martina Zabata's interpretation of Apprendi and Blakely when it comes to establishing the elements of a state offense. My argument is that an agency, a federal agency, cannot simply create offenses on its own. We must look to the state law. Sears has said that they are not elements of an offense. Okay, but we're back to a narrow definition of elements. I think you've made your point. You are out of time. Okay, Your Honor. There was the other issue. Your Honors haven't mentioned it at all. I didn't know if you wanted to hear any points on the mens rea issue, whether this offense actually has the mens rea. Yeah, I think it's adequately covered in the briefs. Thank you very much, Counsel. The case just argued is submitted. The next two cases on the calendar, Hornsby v. Alcoa and Jones v. St. Paul Fire and Marine are submitted. We will hear argument in Teresa L. Phelps v. the City of Parma. Number 16-35278.
judges: O'scannlain, Tallman, Watford